UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

LaQuan Howard,

Plaintiff

v.

Equifax Information Services LLC,

Defendant

Case No. 2:25-cv-01583-CDS-EJY

**Order Granting Defendant's Motion to Dismiss and Plaintiff's Motion to Extend Time to File an Opposition, and Denying Plaintiff's Motion for Leave to File a Surreply**

[ECF Nos. 6, 10, 11]

This is a Fair Credit Reporting Act (FCRA) action brought by pro se plaintiff LaQuan Howard against Equifax Information Services LLC. *See* Compl., ECF No. 1-2. Howard initiated this action in the Eighth Judicial District Court, Clark County, NV, but Equifax later removed it to this court. *See* Pet. of removal, ECF No. 1. Thereafter, Equifax filed a motion to dismiss the complaint, arguing that dismissal is appropriate because Howard failed to: (1) plead any facts alleging that Equifax failed to provide him with information regarding his creditworthiness, and (2) demonstrate he suffered any actual damages and injury, so he lacks standing. *See* Mot., ECF No. 6. Howard filed an untimely opposition to the motion.[1] Opp'n, ECF No. 8. This motion is fully briefed. Reply, ECF No. 9. Also pending is Howard's motion to file a surreply, ECF No. 10, and a notice of supplementation that was filed without leave of court,[2] ECF No. 13. For the

---

[1] After his opposition was filed, Howard filed a motion for leave to file his opposition late. *See* Mot. to extend time, ECF No. 11. Therein, Howard asserts there is good cause to grant him additional time because he was unaware of Equifax's dismissal motion until September 12, 2025 and that he was not receiving electronic notifications from the court because the defendant failed to provide his email address even though it was in their possession. *Id.* Given the information in the motion, together with the general interest in resolving cases on their merits and the absence of prejudice to the defendant, I grant Howard's motion to extend time. *See Sanchez v. Aurora Loan Servs., LLC*, 2014 WL 12589660, at *4 (C.D. Cal. June 10, 2014) ("In the interest of deciding the case on the merits, however, and because defendants were able to file a sixteen-page, substantive reply and do not appear to have been prejudiced by Sanchez's untimely opposition, the court elects to consider the substance of the motion.").

[2] Local Rule 7-2(g) states "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Howard filed the supplement without leave of court, so it is hereby stricken. Howard is

reasons set forth herein, I grant Equifax's motion to dismiss and Howard's motion for leave to extend time to file an opposition to the motion but deny Howard's motion to file a surreply.

## I. Legal standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court accepts all allegations of material fact in the complaint as true and construes the pleadings in the light most favorable to the non-movant. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Finally, dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

When reviewing a Rule 12(b)(6) motion, the court is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P.

---

advised that even though he is pro se, he must still follow the rules of the court. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules").

12(b); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, a court may consider certain materials—including "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908. Further, if documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and if "the plaintiff's complaint necessarily relies on them." *Lee*, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). Similarly, the court may consider certain documents that are incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Finally, pro se pleadings are to be liberally construed. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc). If after considering the complaint the court determines that amendment would be futile, leave to amend need not be given. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## II. Discussion

In his complaint, Howard alleges that on or about June 9, 2025, he requested a copy of his consumer disclosure from Equifax. ECF No. 1-2 at 7, ¶ 9. He further alleges that pursuant to 15 U.S.C. § 1681g(a), Equifax was required to "clearly and accurately" disclose all information from his file to him, with the limited exception of his social security number, which can be redacted. *Id.* at ¶ 10. On an unknown date, Equifax provided an electronic copy of Howard's Consumer Disclosure. *Id.* at ¶ 11. Howard contends that his disclosure was missing account

numbers, account information, and payment history related to sixteen different accounts. *See id.* at ¶¶ 12–28. Howard alleges that Equifax has a duty to disclose the missing information, and that its failure to do so violates the Fair Credit Reporting Act. *See id.* at 12–15. As a result of these allegations, Howard initiated this action alleging that Equifax violated 15 U.S.C. § 1681g(a)(1), so he is entitled to damages and costs pursuant to 15 U.S.C. §§ 1681n and 1681o. *Id.* at 15–16, ¶¶ 56–57.

Equifax moves to dismiss the complaint, asserting that even if Howard's allegations that it failed to disclose "full account numbers, missing account information, and payment history" were true, Equifax has no duty to provide that information, so his FCRA claim fails. *See* ECF No. 6. Equifax further argues that Howard lacks Article III standing to bring this action because he failed to allege damages. *Id.* In opposition, Howard argues that the information requested from Equifax falls squarely within what must be disclosed upon request from a consumer under § 1681(g)(a) and cites Ninth Circuit case law to support his argument. ECF No. 8 at 5–6. Howard also contends that he has sufficiently alleged an injury because Equifax denied him the ability to use the information for "its intended purpose." *Id.* at 5. In reply, Equifax asserts that Howard fails to understand how the FCRA defines a "consumer report," and that that definition does not require disclosure of every piece of information a credit reporting company, like Equifax, has on a consumer. ECF No. 9 at 3. Finally, Equifax notes in the *Tailford* case, the Ninth Circuit upheld the district court's dismissal of the plaintiff's amended complaint, to include his § 1681g claims. *Id.* at 3–4.

The FCRA is codified at 15 U.S.C. § 1681 et seq. It "creates a private right of action for willful or negligent noncompliance with its requirements." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). However, before I can address the merits of Howard's § 1681g claim, I must first determine whether Howard has standing to bring this action. To prove standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant;

and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). And in FCRA cases, an injury-in-fact is "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560) (internal quotations omitted). "A 'concrete' injury must be de facto—it must actually exist but it need not be tangible." *Spokeo*, 578 U.S. at 340. Stated otherwise, an injury must also be "concrete" and "particularized," meaning it must have affected "the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1).

A review of the complaint reveals Equifax is correct: Howard fails to allege he was injured in any particularized or concrete way. *See* ECF No. 1-2. The complaint merely alleges that Equifax failed to comply with the FRCA and that he had a right to the information he requested. *See id.* at 15, ¶ 52. But this is a mere allegation that Equifax deprived him of some procedural right, and a "deprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). Consequently, I grant Equifax's motion to dismiss.[3] *See Jaras v. Equifax Inc.*, 766 F. App'x 492, 494 (9th Cir. 2019) (affirming the district court's dismissal of FCRA claims for lack of standing where plaintiffs did not make any allegations about how the alleged misstatements in their credit reports would affect any transaction they tried to enter or plan to try to enter). However, because it is unclear if amendment is futile, the court grants dismissal without prejudice and with leave to amend.

If Howard chooses to amend his complaint to correct the deficiencies with his claims, it must be filed by September 22, 2026, and must be labeled "First Amended Complaint." Howard may only amend his claims and cannot add new claims or new parties without first filing a

[3] Because I am dismissing the complaint for lack of standing and granting leave to amend, I deny his motion to file a surreply (ECF No. 11) as it would not change the outcome of this decision.

motion seeking permission to do so. Further, the first amended complaint must be complete in itself, meaning Howard cannot reference any prior complaint. *See* LR 15-1(a) (requiring that an amended complaint be complete in itself without reference to any prior pleading or exhibit); *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (as a general rule, an amended complaint supersedes any previously filed complaint).

## IV. Conclusion

IT IS HEREBY ORDERED that Equifax's motion to dismiss **[ECF No. 6] is granted**. The complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Howard's motion for leave to file a surreply **[ECF No. 10] is denied**.

IT IS FURTHER ORDERED that Howard's motion to extend time to file an untimely opposition to the motion to dismiss **[ECF No. 11] is granted**.

If Howard chooses to file a first amended that complies with the instructions in his order, he must do so by September 22, 2026.

Dated: August 31, 2026

_______________________________
Cristina D. Silva
United States District Judge